UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lashonda Ash, <br><br> Plaintiff, <br><br> v. <br><br> Global Recovery Systems, Inc. <br> a/k/a GRS Management <br> c/o Inna Verona, registered agent <br> 3363 NE 163 Street, Suite 204 <br> Miami, FL 33179 <br><br> Defendant. | Case No. <br><br><br><br> **COMPLAINT** <br><br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is a corporation with its principal place of business in the State of Florida.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

1

## FACTS COMMON TO ALL COUNTS

9- On or around August 12, 2011, Defendant telephone Plaintiff's mother ("Mother").

10- During this communication, Mother notified Defendant that Plaintiff did not live with Mother.

11- On or around August 15, 2011, despite having notice, Defendant telephoned Mother again.

12- During this communication, Defendant disclosed the existence, nature, and/or amount of the Debt to Mother.

13- During this communication, Defendant falsely represented to Mother that Defendant was "in the area" trying to serve Plaintiff with papers.

14- On or around August 17, 2011, Defendant communicated with Plaintiff.

15- During this communication, Plaintiff notified Defendant that she retained an attorney to file for bankruptcy and provided the attorney's contact information to Defendant.

16- During this communication, Defendant threatened to issue a warrant for Plaintiff's arrest if the Debt was not paid.

17- During this communication, Defendant threatened to file a lawsuit against Plaintiff if the Debt was not paid.

18- During this communication, Defendant threatened to garnish Plaintiff's wages if the Debt was not paid.

19- Defendant damaged Plaintiff.

20- Defendant violated the FDCPA.

## COUNT I

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692b(3) by communicating with a person other than the consumer more than once.

## COUNT II

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the debt.

## COUNT III

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant could not legally take.

## COUNT IV

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take.

## COUNT V

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692e(10) by making false representations during the collection, or attempted collection, of a debt.

## COUNT VI

31- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

32- Defendant violated 15 USC § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

## JURY DEMAND

33- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*